## Fahlbusch, to use, v. New York Life Insurance Co.

George Morrow and R. J. Ruane, for petitioners.

J. D. Kennedy, P. V. Mattes, and E. M. Murphy, for respondents.

LEWIS, J., December 23, 1936.—The proceedings in the above-entitled case arose by reason of three separate attachment executions issued against the same defendant and the same garnishee by three different plaintiffs. The attachments so issued are as follows:

1. Attachment of W. H. Bircher and Oliver Bircher, plaintiffs, versus Michael J. O'Boyle, defendant, and New York Life Insurance Company, garnishee, to no. 300, November term, 1935, issued September 24, 1935.

2. Attachment of Francis Monley, plaintiff, against Michael J. O'Boyle, defendant, and New York Life Insurance Company, garnishee, to no. 444, November term, 1935, issued October 2, 1935.

3. Attachment of Joseph H. Miller, plaintiff, against Michael J. O'Boyle, defendant, and New York Life Insurance Company, garnishee, to no. 148, September term, 1936, issued May 4, 1936.

On September 28, 1936, a petition was filed in this court to no. 1203, January term, 1936, by Robert J. Ruane and George Morrow setting forth that they acted as attorneys in obtaining the judgment for defendant, which amounts to $2,615; that defendant Michael J. O'Boyle was without funds whatsoever to prosecute his claim against the garnishee; that they were retained as counsel by him under a contingent fee contract, which we will refer to hereafter; that should the aforementioned attachments be paid in full the fund would be exhausted, and said counsel have no other way of being paid for their services. The prayer of the attorneys' petition was for a rule to show cause why the amount due the said attorneys under the agreement should not be a first lien against the fund in the hands of the garnishee. A rule was granted on the

said petition and the whole matter is now before the court for final disposition.

We will take up the disposition of the attorneys' claim, as the disposition of their claim will decide the priority and the amount due under the attachments. The pertinent part of the agreement as to counsel fees between Michael J. O'Boyle, defendant, and his counsel is contained in the following extract from the agreement:

"Now at O'Boyle's request Robert J. Ruane and George Morrow do hereby promise and agree to institute suits on these policies and to represent the interests of Michael J. O'Boyle in the actions against the above named insurance companies and will use their best efforts, ability and skill in doing so, and in consideration thereof Michael J. O'Boyle agrees to pay to the said attorneys for their past services and for services to be performed, fifty per cent of the sum received by the actions, settlement, compromise or otherwise plus taxable costs and disbursements; and he further agrees that if the attorneys shall in the first action tried or settled obtain an amount of twenty-five hundred ($2500.00) dollars or more, he will in addition to the fifty per cent of such amount pay and turn over to the said attorneys one thousand ($1,000.00) dollars to apply on their fee in the other or subsequent action and which amount of one thousand ($1,000.00) dollars may be retained by the attorneys as a fee in any event, and Michael O'Boyle does hereby assign and turn over to the said attorneys such part or amount of any settlement or judgment obtained in the actions as will cover their fees, and he authorizes them to deduct and retain this amount from any such settlement or judgment."

One of the attaching creditors filed a demurrer to the petition of counsel, and the ground for demurrer is contained in the second paragraph thereof, which is as follows:

"2. Said contingent fee agreement, being an agreement between attorney and client, is unreasonable, illegal, null and void. If carried into effect, according to the terms

thereof, it would permit said attorneys to take nearly ninety per cent of the full amount of the client's claim sued for and recovered as well as reimbursement for the expense of the action which said agreement contemplated should be financed by the attorneys."

Counsel for the attaching creditors in their brief very frankly state that there is no disposition on the part of the attaching creditors to deny the attorneys for plaintiff in the action upon which the judgment was obtained reasonable compensation for their legal services, but object to the enforcement of the contract made between O'Boyle and his counsel, which contemplates the turning over to the attorneys of approximately ninety percent of the amount recovered. As we interpret the attached contract between counsel and their client, it contemplates giving them 50 percent of the sum to be recovered in two suits, plus a proviso that out of the sum recovered in the first suit they were to be paid an additional $1,000 applicable to their 50 percent interest in the second suit, and in addition thereto they are to be reimbursed out of the recovery for their costs and disbursements. To adopt the literal fulfillment of this agreement, the attorneys would receive $2,307.50, plus disbursements, which are unknown.

The case of O'Boyle, assignee, v. New York Life Ins. Co., entered in said court as of no. 1203, January term, 1935, was twice tried, and the writer of this opinion presided at both trials and has full knowledge of the services performed by the attorneys in securing judgment. They conducted two trials, argued twice motions for new trial, and performed all services that were necessary till final judgment was obtained. Considering the case in the most favorable light, we are unable to give our stamp of approval to this contingent fee contract, especially in view of the fact that rights of third parties are involved, to wit, attaching creditors. Contingent fee contracts must be reasonable and commensurate with the amount of services performed and results obtained, and are subject to

the supervision of the court as to reasonableness. The contingent fee contract provided for the payment of $1,000 on account of second trial, which has not come to pass and the result of which is uncertain; we consider the payment of this amount as unfair. It therefore becomes the duty of the court to take the responsibility of fixing what is a fair and reasonable fee under the circumstances. We cannot view this case in the light of a tort action where contingent fees up to 50 percent have been sustained. The present case is an action in assumpsit to recover on a life insurance contract. A fee of $500 dollars to each counsel is commensurate with the services performed by the said counsel. We have, therefore, concluded that a fair and just compensation of counsel should be fixed in the sum of $500 dollars for each counsel, or together $1,000 dollars, together with costs of suit by said counsel expended in the said case of O'Boyle v. New York Life Ins. Co., 1203, January term, 1935.

Now, December 23, 1936, it is ordered and directed that the counsel fee of George Morrow and Robert J. Ruane is fixed at $500 dollars each, or a total amount of $1,000, together with costs of suit by said counsel expended in the said case of O'Boyle v. New York Life Ins. Co., no. 1203, January term, 1935.